IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. 05-0267-KD-N |
| v. | ) | |
| | ) | CIVIL ACTION NO. 09-0116-KD-N |
| CLENNON PREYEAR, | ) | |
| | ) | |
| Petitioner. | ) | |

ORDER

Briefing has been completed on Petitioner's Motion to Vacate, Set Aside or Correct Sentence (doc. 513, 519). However, it appears that petitioner attempted to add a claim to that motion by including it in a later-filed brief. Specifically, though his petition contains no mention of this matter, his memorandum (doc. 522), filed on April 30, 2009, asserts that he is actually innocent of the charges of conviction because the Magistrate Judge who conducted the jury selection in his case allegedly lacked the jurisdiction to grant a mistrial on his co-defendant's Batson motion. The government has not addressed this claim.

Numerous procedural issues are raised by the petitioner's attempt to inject an additional ground for relief: (1) this claim was not properly included in the motion; (2) petitioner failed to seek or obtain leave to amend his petition to include this new claim; (3) the memorandum and additional claim were filed more than one year after his conviction became final;[1] (4) it does not

---

[1] There appear to be no substantive differences between the original motion and the motion re-filed on the correct forms, so all claims raised in the petition are timely. However, the court can not see any allegation in the original, timely-filed petition (doc. 513) to which this additional claim can be said to relate back. See e.g. Dean v. US, 278 F.3d 1218, 1223 (11th Cir. 2002) (amendment relates back to original 2255 petition if it arose out of the same conduct or occurrence as timely grounds).

appear that there is any basis for tolling the limitations period[2]; and (5) petitioner did not raise this issue on direct appeal.  On the merits, the court does not see a valid argument how this allegation supports petitioner's claim to be actually, factually innocent of the charges.  *See e.g.* Schlup v. Delo, 513 U.S. 298, 324 (1995).

The court finds it appropriate to allow the petitioner to supplement his brief to respond to these issues concerning his claim based on the magistrate judge's mistrial order, and to allow the government to file a supplemental response addressing any new arguments raised by petitioner, if it deems such response to be necessary.  Accordingly, it is hereby ORDERED that the petitioner shall file a supplemental brief addressing ONLY the petitioner's added claim, including the procedural issues raised above, no later than March 29, 2010; and that the government may thereafter file a supplemental response thereto within fourteen days of the filing of petitioner's supplemental brief.  The court will take this matter under consideration at that time.

DONE and ORDERED this the 5th day of March, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[2]  See 18 USC § 3582(b) (fact that sentence can subsequently be modified under that section does not render judgment non-final); US v.Schwartz, 274 F.3d 1220, 1224 (9th Cir. 2001)(3582 motion does not toll one-year limitation of AEDPA); U.S. v. Norris, not reported in F.3d, 2000 WL 521482 (D.C. Cir.) (Holding that suggestion that 3582 motion tolled time for 2255 was without merit, *citing* O'Connor v. US, 133 F.3d 548, 550 (7th Cir. 1998)).