IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL ACTION NO. 05-0267-KD-N |
| v. | ) | |
| | ) | CIVIL ACTION NO. 09-0116-KD-N |
| CLENNON PREYEAR, | ) | |
| | ) | |
| Petitioner. | ) | |

## ORDER

Petitioner Clennon Preyear has filed a Motion (doc. 568) seeking copies of certain documents from the court file. Preyear currently seeks copies of three documents evidencing Petitioner's written consent to the Magistrate Judge's supervision of jury selection (docs. 174, 209, 221).[1]

In addition, he also requests copies of documents 127 [a Motion to Suppress filed by a co-defendant], 141 [the government's response to defendant's motion for separate hearings to determine conspiracy], 176 [the order referring jury selection to Magistrate Judge Bivens], 208 [preyear's Notice of Alaibi Defense], 209 [order of reference of jury selection to Magistrate Judge], 210 [Preyear's Motion to Sever], 223 [co-defendant's Motion to Reconsider Batson ruling], 224 [co-defendant's Motion forMistrial], 225 [Order setting hearing on Motion for

---

[1] Petitioner seeks the documents in order to prove that, in at least one such document, he did not give consent for Magistrate Judge Cassady to conduct jury selection, "but only to the Magistrate Judge (Callie V.S. Granade)." Petitioner's argument is flawed, in that Judge Granade is a District Judge, not a Magistrate Judge. Indeed, at the time of the consent, she was the Chief United States District Judge of this court, and was the District Judge assigned to Preyear's criminal case. As such, no consent was required to allow her to conduct jury selection. Contary to his confused challenge, a review of each of the three documents clearly shows Preyear's signature and that of his attorney on the court's form for parties to consent to allow jury selection to be conducted by a Magistrate Judge. Nor can the court discern any reason why Preyear would want to show that he had "only" consented twice instead of three times.

Mistrial], 227 [order modifying conditions of release for petitioner], 232 [a minute entry that telephone hearing was held on May 18, 2006], and 234 [order granting mistrial]. Petitioner states that his list of documents is taken from his original motion for copies (doc. 523); the court's order on that motion[2] had pointed out that the list contained documents related to other defendants and at least one typographical error, and had ordered petitioner to submit a corrected list. To that end, the court sent petitioner a copy of the docket sheet in his case. His failure to correct the list and his continued reiteration of that list violates the court's prior order. Further, most of the requested documents have no conceivable relevance to the issues timely raised in Preyear's habeas motion.

Nonetheless, the court hereby DIRECTS the Clerk to send to petitioner, at public expense, the three documents in which he consented to the jurisdiction of the Magistrate Judge to conduct jury selection, identified as documents 174, 209, and 221. As the undersigned has reviewed the documents and finds no possible manner in which those documents could be used to affect the determination of the issues properly raised in this action, the court will allow only a brief opportunity for petitioner to offer supplemental argument based upon these documents. It is hereby ORDERED that, no later than July 1, 2010, petitioner may submit additional argument based on these three documents, if he finds any aspect of the documents he believes support his position. The court will take the pending habeas motion under advisement immediately thereafter. Alternatively, Preyear may address the documents in an objection to the Report and

---

[2] The court granted in part (doc. 532) Preyear's motion (doc. 523) to allow Preyear's friend to obtain copies of certain documents from the Clerk of the court. However, claiming that he had not yet received the order, petitioner thereafter (doc. 552, ftn. 4) stated that he no longer wished to ask his friend to get the copies for him and requested that the court mail him the copies without charge.

Recommendation.

ORDERED this the 21st day of June, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE