IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. 05-0267-KD-N |
| v. | ) | |
| | ) | CIVIL ACTION NO. 09-0116-KD-N |
| CLENNON PREYEAR, | ) | |
| | ) | |
| Petitioner. | ) | |

REPORT AND RECOMMENDATION

Petitioner, Clennon Preyear, has filed a Motion to Vacate, Set Aside or Correct Sentence (doc. 519) pursuant to 28 U.S.C. §2255. The government has responded (doc. 549) arguing, in sum, that the petition is due to be denied on the grounds that petitioner's ineffective assistance of counsel claims are without merit and his claim of actual innocence is belied by the record; petitioner has submitted a reply (doc. 552)

Also pending in this action is petitioner's Motion for Summary Judgment (doc. 543) and the government's motion to dismiss petitioner's supplemental claim or in the alternative denial of claim on the merits (doc. 563) and petitioner's response (doc. 567). These matters have been referred to the undersigned for appropriate action pursuant to 28 U.S.C. §636 (b) and Local Rule 72.1(c). Upon a thorough review of the submissions of the parties and the record as a whole, it is recommended that petitioner's Motions to Vacate, Set Aside or Correct his Sentence and for Summary Judgment be Denied, and that judgment be entered in favor of the Respondent.

Background

In a ten-count, multi-defendant indictment, Petitioner Clennon Preyear was charged with one count of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine.

1

Another count sought the forfeiture of $2,500,000 in currency as proceeds of the crimes charged. Preyear proceeded to trial with his cousin and co-defendant James Preyear and, following a four day jury trial, Clennon Preyear was convicted of conspiracy as charged and an order of forfeiture was entered.

On November 3, 2006, Clennon Preyear was sentenced to 131 months imprisonment, a five-year term of supervised release, and was ordered to pay a special assessment of $100.00. He appealed his conviction to the Eleventh Circuit Court of Appeals, arguing that the district court abused its discretion by denying his motions to sever his trial from that of James Preyear, and that the evidence against him was insufficient. His cousin James' appeal was consolidated with his own. The Court of Appeals affirmed both convictions.[1] U.S. v. Preyear, 257 Fed.Appx. 214 (11th Cir. 2007). The instant habeas petition was timely filed.

In July 2000, police stopped two vehicles containing James Preyear and Clennon Preyear in Louisiana; James was a passenger in one vehicle, and Clennon was a passenger in a second vehicle, which was following the first. Id. at 215-16. Over a pound of cocaine was found in the fender of the first vehicle, a Ford Expedition. Id. Clennon told police that he did not know the occupants of the first vehicle (which contained his cousin James, among others) and that he was returning from visiting his mother in Houston. Id.

At trial, the government offered evidence that James and Clennon distributed drugs, and the government presented witnesses, including other dealers, who testified that they obtained cocaine and marijuana from both cousins. Id. One witness testified that James and Clennon were partners.

_____

[1] Petitioner thereafter filed a motion pursuant to 18 U.S.C. §3582 for retroactive application of the amendment of the Guidelines concerning sentencing for crack cocaine. (Doc. 396) The motion was granted and his sentence of imprisonment was reduced to 121 months. (Docs. 410, 434)

Id.  Another witness, Larry Aquanta Parker, testified that he obtained cocaine from people in Houston and that he and Clennon distributed it in Alabama.  Id.  Parker testified that he had occasionally traveled to Houston with the Preyear cousins in a Ford Expedition to obtain the drugs, and that he and James had, on one such trip, cooked cocaine into crack.

On direct appeal, the Eleventh Circuit specifically found that the evidence was sufficient to support both Preyear cousins' convictions on the conspiracy charge.  Clennon Preyear argued that he had "presented testimony, including his own, that refuted the testimony offered by the government," that the government's testimony was uncorroborated, and that his "mere presence at the scene was insufficient to establish his participation in the conspiracy." Id. at 218.  His cousin, James, who also challenged the sufficiency of the evidence on appeal, argued that "the government failed to establish that he acted in concert with anyone," that "there was no evidence that the trips to Houston were planned with a common scheme, or that money, drugs, or expenses were shared," and that "the evidence only established that the co-conspirators traveled together" to Houston.  Id.  These arguments were rejected by the Court of Appeals, following a review of the evidence.  Id.  With regard to Clennon, the Court also noted that, because he had testified at his trial, "the jury was free to disbelieve him and use his testimony as substantive evidence of his guilt."  Id. at 218-19.

In his Response, petitioner attempts to add another claim for the first time—that the magistrate judge who handled jury selection lacked jurisdiction to grant the government's 'reverse-Batson' motion.  However, as noted by the government in its response, the addition was made

without court approval and was made more than one year after his conviction and sentence became final, the new issue was not raised on direct appeal and is thus subject to procedural default.[2]

## Legal Standard

*Habeas*

Habeas relief is an extraordinary remedy which "may not do service for a [ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165 (1982). A defendant who has exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).[3]

In general, claims not raised on direct appeal may not be considered on collateral attack. A petitioner can, however, overcome his procedural default of claims not raised on direct appeal. The burden a petitioner must meet differs, depending upon the type of claim he raises. First,

---

[2] Petitioner again requests copies, at public expense, of three documents which include his signature, consenting to the magistrate judge's authority over the jury selection process (docs. 174, 209, 221). First, as the new claims are due to be denied on procedural grounds , as set forth below, the documents are not relevant to the court's decision. Further, were the court to reach the merits, even a single consent would be sufficient: petitioner's claim that there are not three such documents is irrelevant. Finally, all three documents include signatures of petitioner and of his attorney. Petitioner may obtain copies of these documents from the underlying criminal case as set forth in the court's prior order on that issue.

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

"nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) (citations and internal quotations omitted). A petitioner's burden with regard to constitutional claims not presented on direct appeal is slightly less stringent. Constitutional claims may be considered if the petitioner can "show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990). Jurisdictional issues, however, are not subject to procedural default because federal courts are of limited jurisdiction and the parties cannot by waiver or default confer a jurisdictional foundation that is otherwise lacking. Harris v. United States, 149 F.3d 1304, 1306 (11th Cir. 1998).

*Ineffective Assistance of Counsel*

Preyear contends that he is entitled to habeas relief, on the grounds, in sum, that both his trial and appellate counsel were ineffective. In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984). Under the performance prong, the relevant inquiry is whether counsel's representation was "objectively reasonable." Crawford v. Head, 311 F.3d 1288, 1311 (11th Cir. 2002). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 104 S.Ct. 2066. A petitioner can rebut this presumption only by proving his attorney's representation was unreasonable under prevailing professional norms. Chandler v. United States, 218 F.3d 1305, 1314 n. 15 (11th Cir. 2000) (en

banc). "Therefore, where the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment." Id. (quotations and citation omitted). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support limitations on investigation." Strickland, 104 S.Ct. at 2066.

The petitioner's burden of demonstrating prejudice is high. Under the prejudice prong, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Instead, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Wellington, 314 F.3d at 1260 (quotations and citations omitted).

*Evidentiary Hearing*

"Unless the motion [under Section 2255] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. However, an evidentiary hearing is not required in every case. For example, no evidentiary hearing is required:

- Where the petitioner's claim is "patently frivolous," Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989);

- Where the claim is "based upon unsupported generalizations," id.;

• Where the petitioner has not "allege[d] facts that, if true, would entitle him to relief," <u>Aron v. United States</u>, 291 F.3d 708, 715 (11th Cir. 2002);

• Where the facts alleged are not "reasonably specific [and] nonconclusory," <u>id</u>. at 714-15;

• "[W]here the petitioner's allegations are affirmatively contradicted by the record," <u>id</u>. at 715;

• Where the petitioner's version of the facts has already been accepted as true, <u>Turner v. Crosby</u>, 339 F.3d 1247, 1274-75 (11th Cir. 2003); and

• Where "the district court can determine the merits of the ineffectiveness claim based on the existing record." <u>Schultz v. Wainwright</u>, 701 F.2d 900, 901 (11th Cir. 1983).

With this legal framework in mind, the Court now turns to the specific grounds for relief raised by petitioner in the habeas petition.

<u>Analysis</u>

Petitioner raises the following three claims of ineffective assistance of counsel: 1) that his trial counsel was ineffective for failing to "properly investigate" multiple conspiracies instead of single conspiracy charged;  2) that his trial counsel was ineffective for failing to raise the defense that the evidence showed a "buyer-seller" transaction rather than a conspiracy; 3) that his appellate counsel was ineffective for a) not raising the multiple conspiracy and buyer-seller transaction issues; and b) not challenging the length of the sentence.  Petitioner also contends that he is "actually innocent" of the offense of which he was convicted.

Further, in his Memorandum (doc. 522) filed on April 20, 2010, petitioner attempted to amend his petition to add another claim—that the magistrate judge who conducted jury selection lacked jurisdiction to rule on the government's <u>Batson</u> challenge and to reject the initial jury chosen. The court gave the parties an opportunity to address the viability of that issue on procedural and

substantive grounds. The government filed a Motion to Dismiss (doc. 563) that extra claim, and plaintiff filed a Response to that motion along with his reply in support of his habeas claim (doc. 567). This additional claim was not filed within one year of his conviction becoming final, and was not raised on direct appeal.

*Petitioner's Summary Judgment Motion*[4]

On October 1, 2009, petitioner filed a document styled a Motion for Summary Judgment, (doc. 543); however, that style is misleading. In his Motion, petitioner argues that the government's two extensions for the filing of the government's response, and the fact that the second extension was not sought until after the deadline ran, prejudiced him by delaying his release on habeas and that he is therefore entitled to judgment in his favor. The court granted both extensions, finding them appropriate; the court had the authority to waive its own deadline and allow a late filing.[5] Petitioner's motion, regardless of the characterization, is frivolous. The lack of merit in defendant's habeas petition underscores the lack of prejudice resulting from the delay. Accordingly, it is the recommendation of the undersigned that Preyear's "Motion for Summary Judgment" be DENIED.

---

[4] In the memorandum in support of his 2255 motion and again in his motion for summary judgment petitioner states, in part, as follows: "...Clennon Preyear, pro se [footnote omitted] and in want of counsel...." (Docs. 522, 543) To the extent that petitioner's reference is a veiled request for appointment of counsel, the court has previously addressed that issue. His motion for appointment of counsel (doc. 109) is denied as without merit-there is no constitutional right to counsel on collateral review, Lawrence v. Florida, 549 U.S. 327, 336-37, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009), and petitioner has demonstrated that he is able to represent himself. *See* Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999).

[5] The government's response was initially due on September 10, 2009. (Doc. 532) On September 22, 2009 the government moved for an extension of time on the grounds, in sum, that the response date was missed due to a docketing error. (Doc. 538) The motion was granted on September 23, 2009 (doc. 540) and a new deadline of October 30, 2009 was set. The government filed its response on October 28, 2009 (doc. 549).

*Magistrate's Jurisdiction to address Batson Issue*

In the memorandum filed on April 20, 2010, petitioner included a claim not previously raised in his filings. Specifically, that the magistrate judge who conducted jury selection was without jurisdiction to rule on the government's Batson challenge, and thus, because he granted the motion, declared a mistrial, and empanelled a second jury, Preyear's conviction was somehow improper. Apparently, Preyear's position is that he could not constitutionally be tried by any other jury, and thus should be released. As noted above, petitioner's Memorandum (doc. 522) was filed on April 30, 2009, more than one year after the U.S. Supreme Court denied his petition for writ of certiorari on March 24, 2008, rendering his conviction and sentence final for purposes of the one-year limitations period applicable to motions pursuant to 28 U.S.C. § 2255. The court allowed the parties the opportunity to brief the viability of this issue both on procedural and substantive grounds.

Petitioner's argument that the granting of his motion for reduction of sentence pursuant to 28 U.S.C. § 3582(c) gives him a new one-year period in which to attack his sentence is without merit. *See* 18 USC § 3582(b) (fact that sentence can subsequently be modified under that section does not render judgment non-final); US v. Schwartz, 274 F.3d 1220, 1224 (9th Cir. 2001)(Section 3582 motion does not toll one-year limitation of AEDPA); U.S. v. Norris, not reported in F.3d, 2000 WL 521482 (D.C. Cir.) (Holding that suggestion that §3582 motion tolled time for §2255 was without merit, *citing* O'Connor v. US, 133 F.3d 548, 550 (7th Cir. 1998)). Nor is there any merit in petitioner's argument, raised in his final response, that his statement in his original petition that he would need at least a month to brief the issues raised in the petition served to give him an extension of the one-year limitations period to add claims not raised in his petition.

By order (doc. 571) dated June 3, 2010, the court allowed Preyear one final opportunity to show cause why this claim should not be dismissed as untimely. Petitioner responded (doc. 572), claiming that his appellate counsel's failure to file a Petition for Writ of Certiorari, allegedly while petitioner was under the impression that the Petition had been filed, delayed the beginning of petitioner's work on his habeas motion. He also noted that the "jail house lawyer" who had advised him to check on the status of Certiorari, died thereafter died in June, 2009. The habeas petition was filed in June 2010. Petitioner apparently claims that the writ-writer's death should entitle him to additional time to add claims not raised in the petition. The events cited by Preyear might have delayed the start of drafting his petition; there is no basis to find that they delayed the completion of the petition, which was timely filed, nor that they kept him from including the additional claim in his petition or in raising it by amendment prior to the running of the one-year limitations period. Upon the facts presented, there is no basis to apply equitable tolling.

Pursuant to Fed.R.Civ.P. 15(c), a claim added by amendment may "relate back" to the filing of the original complaint or petition, U.S. v. Davenport, 217 F.3d 1341, 1344 (11th Cir. 2000), if it arises "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed.R.Civ.P. 15(c)(1)(B).

> If a prisoner amends his § 2255 motion after the statute of limitations expires, the new claims are untimely unless they relate back under Rule 15(c) to one of the claims in the original motion. Davenport [v. U.S.], 217 F.3d [1341] at 1344 [(11th Cir. 2000)]. " 'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." Id. A pleading relates back to the original pleading when the pleading asserts a claim "that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed.R.Civ.P. 15(c)(1)(b).

> For a claim to relate back in a § 2255 proceeding, "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." Davenport, 217 F.3d at 1344. Instead, in

order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." Id. (quotation marks and citations omitted). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 644, 125 S.Ct. 2562, 2574. 162 L.Ed.2d 582 (2005). An amendment that serves to expand facts or cure deficiencies in an original claim relates back to the original claim. Dean v. United States, 278 F.3d 1218, 1223 (11th Cir. 2002) (per curiam).

Mabry v. U.S., 336 Fed.Appx. 961, 962 (11th Cir. 2009).

There is no basis for finding that allegations of an error in empaneling the jury arises from the same conduct as any of petitioner's other habeas claims of ineffective assistance of counsel for conduct at trial. The court thus finds that the added claim challenging the magistrate judge's jurisdiction to conduct jury selection in this case does not relate back to the original petition and, thus, that it is barred by the one-year limitations period of 28 U.S.C. § 2255(f).

The court finds petitioner's arguments concerning the granting of the mistrial come too late. There is no basis in the record to toll the limitations period of AEDPA, and the issue does not relate back to the filing of the original timely petition as that petition contained no claim sufficiently related to satisfy Rule 15. As a further basis, the court finds that the failure to raise this issue on direct appeal procedurally bars the raising of this claim on collateral attack. Even if the court were to accept that this is a constitutional claim, petitioner has offered no explanation whatsoever for the failure to raise this issue on appeal. See Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990).[6] Accordingly, it is recommended that the amendment be denied as futile, and the additional claim concerning the magistrate judge's jurisdiction to declare a mistrial be dismissed as untimely.

---

[6] Though petitioner states his claim in terms of jurisdiction, this is not a challenge to the jurisdiction of the trial court over this action, such as could avoid application of procedural bar.

*Habeas: Failure to Raise Separate Conspiracies*

In support of his request for habeas relief petitioner Preyear claims that his trial counsel's representation was constitutionally inadequate because counsel failed to argue that the evidence showed a series of small conspiracies rather than a single, continuing conspiracy to obtain and sell a controlled substance. This argument is not supported by the record, attempts to inflate a minor matter into one of constitutional scope, and ignores the limited role of habeas review following trial and direct appeal.

In <u>United States v. Brown,</u> 587 F.3d 1082 (11th Cir. 2009), the Eleventh Circuit recently addressed a similar claim on direct appeal. "We do not reverse convictions because a single conspiracy is charged in the indictment while multiple conspiracies may have been revealed at trial unless the variance is [1] material *and* [2] substantially prejudiced the defendants." <u>Id</u>. at 1092 (*quoting* <u>United States v. Alred</u>, 144 F.3d 1405, 1414 (11th Cir. 1998)). To determine whether a variance was material, the court must consider the evidence in the light most favorable to the government and decide "whether a reasonable jury could have found beyond a reasonable doubt that a single conspiracy existed." <u>Id</u>. This reflects the courts' reluctance to disturb the jury's finding of a single conspiracy "if supported by substantial evidence." <u>Id</u>. (*quoting* <u>Alred</u>, at 1414). That reluctance would have informed a decision on this issue either by the court of appeals or by the trial court following the verdict.

Despite petitioner's challenge, the Court of Appeals has previously ruled that the evidence was sufficient to support a finding of a single conspiracy, and that finding is binding upon this court. Petitioner thus cannot demonstrate prejudice from his attorney's failure to raise such a claim at trial

or on appeal; the prior determination also shows that the variance, if any, was not material. Accordingly, the undersigned finds that this ground is without merit.

*Habeas: Failure to Raise Buyer-Seller Transaction*

Petitioner also argues that his trial and appellate counsel provided constitutionally deficient representation by failing to argue that the evidence demonstrated buyer-seller transactions rather than a conspiracy.[7]

Specifically, Preyear maintains that trial counsel should have argued that the "mere fact that sales took place cannot alone support an inference of conspiracy." (Doc. 522 at 9) Contrary to his claim, the record contains significant evidence showing more than the sale took place. The evidence at trial included the testimony of co-conspirators Jason Watson, Nathaniel Howard, Larry Parker, and McArthur Rabb. They paint a picture of joint operations by the Preyear cousins. One described the cousins as partners in the drug operation and described drug transactions at which both cousins were present. They also clearly support Clennon Preyear's involvement in the cooking of crack and the sale of drugs to other dealers, in direct conflict with Preyear's own trial testimony denying traveling to Houston to purchase cocaine, denying knowledge of the cocaine found by the Louisiana police, and denying his sale of any drugs. The jury clearly found Preyear's testimony not credible and credited the government's evidence instead. As held by the Court of Appeals, there was sufficient evidence to support the jury's verdict on the conspiracy count.

Petitioner fails to point to evidence tending to show that there were discrete buyer-seller transactions involving him, and offers no new evidence other than that considered by the jury and

---

[7] While this argument is at odds with petitioner's claim that the evidence showed multiple conspiracies, he is nevertheless entitled to raise both arguments.

found sufficient by the Court of Appeals.  In order to establish a buyer-seller relationship, as opposed to a conspiratorial relationship, a defendant needs to establish that he purchased the drugs for personal use.  United States v. Gomez, 164 F.3d 1354, 1356 (11th Cir. 1999), *cert. den'd*, 528 U.S. 907 (1999); United States v. Ivy, 83 F.3d 1266, 1285-86 (10th Cir. 1996).  Petitioner offered no such evidence at trial, despite testifying in his own defense, and offers no such evidence here to show that his attorney could have made out a reasonable case for a buyer-seller relationship.

Moreover, the Eleventh Circuit has recognized that there is no abuse of discretion in refusing to give a buyer-seller relationship jury instruction when the issue was not properly before the court. Gomez, *supra*; *see* United States v. Cordova, 157 F.3d 587, 597 (8th Cir. 1998) (noting that buyer-seller jury instruction is appropriate in "single transaction case involving small quantities of drugs consistent with personal use"); United States v. Berry, 133 F.3d 1020, 1023 (7th Cir. 1998) (noting that "[e]vidence of a conspiracy, as opposed to a buyer-seller relationship, may include transactions involving large quantities of drugs [and] prolonged cooperation between the parties"). Thus, under neither scenario could the jury reasonably conclude that Preyear was in a mere buyer-seller relationship with his cousin and the other members of the conspiracy. *See* United States v. Canino, 949 F.2d 928, 941 (7th Cir. 1991).  Petitioner has failed to demonstrate prejudice from the alleged error by his attorney at trial or on appeal.

Further, given Preyear's own sworn testimony that he was not involved in the sale of drugs, petitioner could not cogently argue—without contradicting himself—that he was involved in separate drug transactions, not as a conspirator but only as a buyer.  His counsel can certainly not be labeled constitutionally ineffective for failing to undermine his client's testimony in this way.  As stated above, "counsel is strongly presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment." <u>Strickland</u>, 104 S.Ct. 2066. Accordingly, this argument is without merit.

*Habeas: Failure to Raise Same Arguments on Appeal*

As discussed in the preceding sections, Petitioner's appellate counsel was likewise not constitutionally ineffective for failing to raise these underlying issues on appeal. <u>Miller v. Dugger,</u> 858 F.2d 1536, 1538 (11th Cir. 1988) (on claim of ineffective assistance of appellate counsel, court must examine merits of issues counsel failed to raise). Given the lack of merit to the underlying arguments, the court also finds that appellate counsel acted within the bounds of competence in failing to raise these claims on appeal. *See* <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992) (It is not ineffective to fail to appeal on meritless argument).

*Habeas: Failure to Challenge Sentence on Appeal*

Petitioner also challenges his appellate counsel's failure to challenge the sentence imposed. The record reflects that, at sentencing, Preyear's counsel objected to the amount of cocaine base−1.5 kilograms−attributed to Preyear. The sentencing judge examined the testimony of trial witnesses to calculate the amount of drugs it found for sentencing purposes. (*See* doc. 375 at p. 9 *et seq*.) Jason Watson testified to seeing Preyear with three to four ounces of crack, on which the court ascribed 85 grams (three ounces) of crack to defendant. <u>Id</u>. at 8-9. Due to questions concerning a witness' credibility on the amounts involved, the court declined to calculate amounts based on testimony of Tyrone Howard that he had seen Preyear with approximately three ounces of powder cocaine and had seen him on other occasions selling crack and powder cocaine on Marengo Street and Clausel, and that he had seen another co-conspirator, Lucky Stevens, cook crack between 10 and 15 times. <u>Id</u>. at 9-10. The court found a half kilogram of powder cocaine obtained on July 12 attributable to

defendant.  Id. at 21.  The court also found the testimony of Aquanta Parker credible, and found that he had offered proof of Clennon Preyear's involvement with two kilograms of cocaine.  Id. at 16.

Petitioner states that the court became confused about the amount of crack, from two to four kilograms.  However, the record does not support this claim.  The court rejected the government's claim that Aquanta Parker had testified concerning four kilograms of cocaine attributable to defendant, half of which was cooked into crack; the court halved that figure.  Id. at 12-14.  The court took the testimony and "parce[d] it to what it absolutely supports."  Id. at 14.  Specifically, the district judge found defendant Clennon Preyear was involved with two and a half kilograms of powder cocaine and 85 grams of crack and imposed a sentence in the middle of the applicable Guidelines range.  The evidence supports the sentence imposed and defendant has offered no evidence to demonstrate that any competent attorney would have challenged the calculation of the amount of drugs on appeal.  Accordingly, this ground for habeas relief is also without merit.

*Habeas: Actual Innocence*

Petitioner also maintains that he is actually innocent of the charges.  However, it is unclear what petitioner seeks to accomplish with this "ground" for habeas relief.  It is generally raised as the basis of an exception to procedural issues, such as the bar against second or successive proceedings under §2255, which would otherwise prevent consideration of the merits of a successive habeas petition, and is often related to newly discovered evidence claims.  *See e.g.* Gonzales v. Sec'y, Dept. Of Corrections, 366 F.3d 12531273-74 (11th Cir. 2004)(second or successive petition); High v. Head, 209 F.3d 1257, 1270 (11th Cir. 2000)(same).   A claim of actual innocence standing alone, without an independent constitutional violation, does not warrant post conviction relief.  House v. Bell, 547 U.S. 518, 537-539 (2006) (explaining that actual innocence is a gateway for review of

defaulted constitutional claims; it is not to be confused with the standard for sufficiency of evidence, as an actual innocence claim involved evidence the jury did not have before it); Jordan v. Secy. Dept. of Corrections, 485 F.3d 1351, 1353-54 (11th Cir.), *cert. denied*, 552 U.S. 979 (2007) (bare claim of actual innocence did not establish a basis for relief; it must be asserted as a gateway to review of a constitutional claim); United States v. Gospidon, 2009 WL 2781529 (N.D. Fla., August 27, 2009). The instant petition is Preyear's first §2255 challenge to his conviction and sentence. To the extent that he intended by this ground to challenge the sufficiency of the evidence against him, that claim has already been rejected on direct appeal and petitioner offers no new evidence not previously considered by the Court of Appeals.

To demonstrate "actual innocence," a petitioner must show that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Bousley v. United States, 523 U.S. 614, 623 (1998) (citations omitted). As this claim is foreclosed by the judgment of conviction and the mandate of the Court of Appeals, as petitioner has made no showing of actual innocence or of newly discovered evidence of any sort which could possibly have affected the jury's verdict, and further as there appears to be no claim for relief reasonably related to this ground for the habeas motion, the undersigned finds no merit in this final listed ground for relief.

*Petitioner's Motion for Summary Judgment (doc. 543)*

Preyear has filed a document styled Petitioner's Request for Summary Judgment Pursuant to Habeas § 2255 Rule 12, and/or Fed.R.Civ.P. 56 (doc. 543). The basis for this motion appears to be the government's failure to timely file a supplemental reply. The court raised impediments to petitioner's late-filed issue, and its order had allowed the government to file a Reply to petitioner's supplemental brief, if it deemed one to be necessary. The government filed a Motion for Extension

of Time (doc. 538) explaining its oversight, and the motion was granted by the court (doc. 540). Regardless, for reasons which should be obvious, the court will not release a convicted felon due to a few days delay in a governmental response on a procedural issue. This is not an appropriate basis for summary judgment and the motion is DENIED.

### Need for Evidentiary Hearing

As set forth above, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Accordingly, the undersigned finds an evidentiary hearing to be unnecessary for a determination of the claims raised by petitioner.

### Certificate of Appealability/In Forma Pauperis

Pursuant to the changes to Rule 11 of the Rules Governing Section 2255 Proceedings which became effective December 1, 2009, the court addresses the appealability of the recommended denial of plaintiff's habeas petition. "A [COA] may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " Miller-El v. Cockrell, 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)).

In the undersigned's view, the issues petitioner has raised in his motion are not sufficiently substantial to justify the issuance of a certificate of appeal. Petitioner's claims focus on alleged

errors by his attorneys at various stages of the criminal action; however, he has not demonstrated a constitutional deprivation of his right to reasonably effective counsel. It is therefore recommended that the court find that no certificate of appealability should issue in this case.

Additionally, the undersigned here addresses the related issue of whether any appeal of an order adopting this Report and Recommendation and denying habeas relief may be brought *in forma pauperis*. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed.R.App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D.Fla.1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). For the foregoing reasons, the undersigned recommends that the court find no possible good faith basis for appeal of the denial of the petitioner's habeas claims, and thus that no appeal of such a ruling may be brought *in forma pauperis*.

## Conclusion

For the foregoing reasons, the undersigned RECOMMENDS: 1) that defendant's Motion for Summary Judgment be DENIED; 2) that the petitioner's untimely attempt to add a claim concerning the Magistrate Judge's jurisdiction to declare a mistrial be deemed a motion to amend, and that said motion be denied as futile, 3) that the court find no hearing to be necessary upon the record and

claims presented, and 4) that the Motion to Vacate, Set Aside or Correct Sentence be DENIED, 5) that Judgment be entered in favor of the defendant, and 6) that the judgment shall provide that no certificate of appealability should issue as to any claim, and that any appeal may not be brought *in forma pauperis*.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this the 13th day of July, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE