## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES GOVERNMENT, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 09-00116-KD-N |
| | ) CRIMINAL ACTION NO. 05-00267-KD-N |
| CLENNON PREYEAR, | ) |
|     Petitioner. | ) |

**ORDER**

This matter is before the Court on Petitioner Preyear's *pro se* Rule 59(e) Motion to Alter or Amend Judgment (Doc. 584) and the Government's Response (Doc. 586). Preyear contends that the July 28, 2010 Order and Judgment (Docs. 581, 582) – in which the Court adopted the Report and Recommendation of the Magistrate Judge and denied his Section 2255 habeas petition – was a judgment based on manifest error of law or fact.

As stated in Fetterhoff v. Liberty Life Assur. Co., 2007 WL 1713349, *1 (S.D. Ala. Jun. 11, 2007) (internal citations omitted and emphasis in original):

> The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." . . . :
>
>> A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." . . . . courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. . . . . Reconsideration of a previous order is an *extraordinary* remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources . . . .

See also e.g., Sonnier v. Computer Programs & Systems, Inc., 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001). It is well settled that a Rule 59(e) motion may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. Shaarbay v. Florida,

269 Fed. Appx. 866 (11th Cir. 2008).

Preyear's Rule 59(e) motion reasserts the same claims that he raised in his Section 2255 petition, summary judgment motion and supplemental claim (Docs. 519, 522, 543, 552, 563, 567), which the Magistrate Judge addressed at length in the Report & Recommendation (Doc. 577). In support, Preyear contends that the Court's July 28, 2010 Order adopting the Report & Recommendation of the Magistrate Judge was based on "manifest errors of law or facts;" that a *de novo* review was not conducted by the Court; and that an intervening change in the law would make equitable tolling applicable to his supplemental claim (disputing the Magistrate Judge's authority to declare a mistrial during jury selection and empanel another jury).[1] Despite Preyear's assertion, the record clearly shows that the Court conducted a *de novo* review (Doc. 581). Additionally, fatal to his Rule 59(e) motion, Preyear has failed to demonstrate any manifest errors of law or fact in the Report & Recommendation and/or that there has been any intervening change in the law that results in manifest injustice to him unless the Order and Judgment are altered or amended. In sum, Preyear has not set forth any basis for Rule 59(e) relief.

Accordingly, it is **ORDERED** that Preyear's motion (Doc. 585) is **DENIED.**

**DONE** and **ORDERED** this the **2nd** day of **September 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Also, to the extent Preyear contends that the Court should have considered the "Final Response" he filed eight (8) days after the Order and Judgment were issued (Doc. 583), such Response was untimely. And Preyear's motion for an extension of time to file Objections (Doc. 578) was made moot by the fact that he filed his Objections (Doc. 579). (Doc. 580).